**JUDGE HELLERSTEIN**

08 CV 5735

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER SITE LITIGATION
-----------------------------------------------------------------X
STEVEN CARLINO AND THERESA CARLINO,

                                                                               Plaintiffs,

-against-

THE CITY OF NEW YORK, and
AMEC CONSTRUCTION MANAGEMENT, INC., *et al.*,

                                                                               Defendants.
-----------------------------------------------------------------X

**21 MC 100 (AKH)**
(ECF)

**SUMMONS**

08 CV _____

**Jury Trial Demanded**

      YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon:

Plaintiffs' Attorney:  Sullivan Papain Block McGrath & Cannavo P.C.
                                120 Broadway, 18th Floor
                                New York, New York 10271
                                212/732.9000

an Answer to the Complaint that is herein served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**J. MICHAEL McMAHON**
_____
Clerk

*[signature]*
_____
By: Deputy Clerk

JUN 2 6 2008
_____
Date

JUN 2 6 2008
_____
Date

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

TO:

AMEC CONSTRUCTION
MANAGEMENT, INC. and other AMEC entities
c/o Tara Saybe
Patton Boggs LLP
1 Riverfront Plaza, 6th Floor
Newark, NJ 07102

BOVIS LEND LEASE, LMB, INC.
and other BOVIS entities
c/o Mound Cotton Wollan & Greengrass
Mark J. Weber, Esq.
One Battery Park Plaza
New York, NY 10004-1486

TULLY CONSTRUCTION CO., INC.
and other TULLY entities
c/o Tara Saybe
Patton Boggs LLP
1 Riverfront Plaza, 6th Floor
Newark, NJ 07102

TURNER CONSTRUCTION
COMPANY and other
TURNER entities
c/o London Fisher LLP
Attn: John Starling, Esq.
59 Maiden Lane
New York, NY 10038

CITY OF NEW YORK
By: Corporation Counsel
100 Church Street
New York, New York 10007

*Please read this document carefully.
It is very important that you fill out each and every section of this document.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

---

STEVEN CARLINO AND THERESA CARLINO,

Plaintiffs,

- against -

THE CITY OF NEW YORK, AND AMEC
CONSTRUCTION MANAGEMENT, INC., *et al.*,

Defendants.

21 MC 100 (AKH)

DOCKET NO. 08 CIV 5735

CHECK-OFF ("SHORT FORM")
COMPLAINT
RELATED TO THE
MASTER COMPLAINT

PLAINTIFF DEMANDS A TRIAL BY JURY

By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006, ("the Order"), Master Complaints for all Plaintiffs were filed on August 18, 2006.

## NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaints are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an "☑" if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiff, by his attorneys SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C. complaining of Defendants, respectfully alleges:

## I. PARTIES

### PLAINTIFF(S)

1. X Plaintiff STEVEN CARLINO (hereinafter the "Injured Plaintiff"), is an individual and a citizen of New York residing at 89 Amityville Street, Islip Terrace, New York 11752.

2. Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of _____.

3. X Plaintiff, THERESA CARLINO (hereinafter the "Derivative Plaintiff"), is an individual and a citizen of New York residing at 89 Amityville Street, Islip Terrace, New York 11752, and has the following relationship to the Injured Plaintiff:

**X** Plaintiff THERESA CARLINO at all relevant times herein, is and has been lawfully married to Plaintiff STEVEN CARLINO, and brings this derivative action for her loss due to the injuries sustained by her husband, Plaintiff STEVEN CARLINO.

☐ Parent  ☐ Child  ☐ Other: _____

4. In the period from September 11, 2001 through the end of September 2001, and thereafter, including October through December 2001 and January 2002, the injured Plaintiff worked for the New York City Fire Department as a firefighter at:

*Please be as specific as possible when filling in the following dates and locations*

**X** The World Trade Center Site
Location(s) (*i.e.*, building, quadrant, etc.) throughout the four quadrants.
From September 11, 2001 through the end of September 2001, October 2001, and thereafter, concluding on or about the end of January 2002. For many of these days, the Plaintiff worked 12 hour shifts. In September 2001, the Plaintiff worked multiple 24 hour shifts. He concluded his WTC service with what was known as a "30 day detail" in January 2002. The injured plaintiff last worked at the World Trade Center Site in January 2002.

☐ The New York City Medical Examiner's Office
From on or about _____ until _____,
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Fresh Kills Landfill
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Barge
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ **Other:*** For injured plaintiffs who worked at Non-WTC Site building or location. The injured plaintiff worked at the address/location, for the dates alleged, for the hours per day, for the total days, and for the employer, as specified below:

From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total;
Name and Address of Non-WTC Site Building/Worksite: _____
_____

*Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

5. Injured Plaintiff

**X** Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

**X** Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

*Please read this document carefully. It is very important that you fill out each and every section of this document.*

**X**    Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

☐    Other: _____

6.   Injured Plaintiff

**X**    Has not made a claim to the Victim Compensation Fund. Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund that was denied. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

B. **DEFENDANT(S)**

7. The following is a list of all Defendant(s) named in the Master Complaint. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

**X THE CITY OF NEW YORK**
   ☐ A Notice of Claim was timely filed and served on _____ and
   ☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____ (OR)
   ☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
   ☐ More than thirty days have passed and the City has not adjusted the claim
   (OR)
   **X** A Petition/application to
   **X** deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
   **X** is pending
   ☐ Granting petition was made on _____
   ☐ Denying petition was made on _____

☐ **PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]**
   ☐ A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on
   ☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
   ☐ the PORT AUTHORITY has adjusted this claim
   ☐ the PORT AUTHORITY has not adjusted this claim.

☐ 1 WORLD TRADE CENTER, LLC
☐ 1 WTC HOLDINGS, LLC
☐ 2 WORLD TRADE CENTER, LLC
☐ 2 WTC HOLDINGS, LLC
☐ 4 WORLD TRADE CENTER, LLC
☐ 4 WTC HOLDINGS, LLC
☐ 5 WORLD TRADE CENTER, LLC

☐ 5 WTC HOLDINGS, LLC
**X** AMEC CONSTRUCTION MANAGEMENT, INC.
☐ 7 WORLD TRADE COMPANY, L.P.
☐ A RUSSO WRECKING
☐ ABM INDUSTRIES, INC.
☐ ABM JANITORIAL NORTHEAST, INC.
**X** AMEC EARTH & ENVIRONMENTAL, INC.
☐ STEVEN CORTESE SPECIALIZED HAULING, LLC, INC.
☐ ATLANTIC HEYDT CORP
☐ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
☐ BECHTEL CONSTRUCTION, INC.
☐ BECHTEL CORPORATION
☐ BECHTEL ENVIRONMENTAL, INC.
☐ BERKEL & COMPANY, CONTRACTORS, INC.
☐ BIG APPLE WRECKING & CONSTRUCTION CORP
**X** BOVIS LEND LEASE, INC.
**X** BOVIS LEND LEASE LMB, INC.
☐ BREEZE CARTING CORP
☐ BREEZE NATIONAL, INC.
☐ BRER-FOUR TRANSPORTATION CORP.
☐ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
☐ C.B. CONTRACTING CORP
☐ CANRON CONSTRUCTION CORP
☐ CANTOR SEINUK GROUP
☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
☐ CORD CONTRACTING CO., INC
☐ CRAIG TEST BORING COMPANY INC.
☐ DAKOTA DEMO-TECH
☐ DIAMOND POINT EXCAVATING CORP
☐ DIEGO CONSTRUCTION, INC.
☐ DIVERSIFIED CARTING, INC.
☐ DMT ENTERPRISE, INC.
☐ D'ONOFRIO GENERAL CONTRACTORS CORP
☐ EAGLE LEASING & INDUSTRIAL SUPPLY

*Please read this document carefully.
It is very important that you fill out each and every section of this document.*

☐ EAGLE ONE ROOFING CONTRACTORS INC.
☐ EAGLE SCAFFOLDING CO
☐ EJ DAVIES, INC.
☐ EN-TECH CORP
☐ ET ENVIRONMENTAL
☐ EVERGREEN RECYCLING OF CORONA
☐ EWELL W. FINLEY, P.C.
☐ EXECUTIVE MEDICAL SERVICES, P.C.
☐ F&G MECHANICAL, INC.
☐ FLEET TRUCKING, INC.
☐ FRANCIS A. LEE COMPANY, A CORPORATION
☐ FTI TRUCKING
☐ GILSANZ MURRAY STEFICEK, LLP
☐ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC
☐ HALLEN WELDING SERVICE, INC.
☐ H.P. ENVIRONMENTAL
☐ KOCH SKANSKA INC.
☐ LAQUILA CONSTRUCTION INC
☐ LASTRADA GENERAL CONTRACTING CORP
☐ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C.
☐ LIBERTY MUTUAL GROUP
☐ LOCKWOOD KESSLER & BARTLETT, INC.
☐ LUCIUS PITKIN, INC
☐ LZA TECH-DIV OF THORTON TOMASETTI
☐ MANAFORT BROTHERS, INC.
☐ MAZZOCCHI WRECKING, INC.
☐ MERIDIAN CONSTRUCTION CORP.
☐ MORETRENCH AMERICAN CORP.
☐ MRA ENGINEERING P.C.
☐ MUESER RUTLEDGE CONSULTING ENGINEERS
☐ NACIREMA INDUSTRIES INCORPORATED
☐ NEW YORK CRANE & EQUIPMENT CORP.
☐ NICHOLSON CONSTRUCTION COMPANY
☐ OLYMPIC PLUMBING & HEATING
☐ PETER SCALAMANDRE & SONS, INC.
☐ PINNACLE ENVIRONMENTAL CORP
☐ PLAZA CONSTRUCTION CORP.

☐ PLAZA CONSTRUCTION MANAGEMENT CORP.
☐ PRO SAFETY SERVICES, LLC
☐ PT & L CONTRACTING CORP
☐ REGIONAL SCAFFOLD & HOISTING CO, INC.
☐ ROBER SILMAN ASSOCIATES
☐ ROBERT L GEROSA, INC
☐ RODAR ENTERPRISES, INC.
☐ ROYAL GM INC.
☐ SAB TRUCKING INC.
☐ SAFEWAY ENVIRONMENTAL CORP
☐ SEASONS INDUSTRIAL CONTRACTING
☐ SEMCOR EQUIPMENT & MANUFACTURING CORP.
☐ SILVERITE CONTRACTORS
☐ SILVERSTEIN PROPERTIES
☐ SILVERSTEIN PROPERTIES, INC.
☐ SILVERSTEIN WTC FACILITY MANAGER, LLC
☐ SILVERSTEIN WTC, LLC
☐ SILVERSTEIN WTC MANAGEMENT CO., LLC
☐ SILVERSTEIN WTC PROPERTIES, LLC
☐ SILVERSTEIN DEVELOPMENT CORP.
☐ SILVERSTEIN WTC PROPERTIES LLC
☐ SIMPSON GUMPERTZ & HEGER INC
☐ SKIDMORE OWINGS & MERRILL LLP
☐ SURVIVAIR
☐ TISHMAN INTERIORS CORPORATION,
☐ TISHMAN SPEYER PROPERTIES,
☐ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN
☐ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
☐ THORNTON-TOMASETTI GROUP, INC.
☐ TORRETTA TRUCKING, INC
☐ TOTAL SAFETY CONSULTING, L.L.C
☐ TUCCI EQUIPMENT RENTAL CORP
☒ TULLY CONSTRUCTION CO., INC.
☒ TULLY ENVIRONMENTAL INC.
☒ TULLY INDUSTRIES, INC.
☒ TURNER CONSTRUCTION CO.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | |
|---|---|
| X TURNER CONSTRUCTION COMPANY<br>X TURNER CONSTRUCTION INTERNATIONAL, LLC<br>☐ TURNER/PLAZA, A JOINT VENTURE<br>☐ ULTIMATE DEMOLITIONS/CS HAULING<br>☐ VERIZON NEW YORK INC,<br>☐ VOLLMER ASSOCIATES LLP<br>☐ W HARRIS & SONS INC<br>☐ WEEKS MARINE, INC.<br>☐ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C.<br>☐ ZIEGE<br>☐ OTHER: _____ | ☐ WHITNEY CONTRACTING INC.<br>☐ WOLKOW-BRAKER ROOFING CORP<br>☐ WORLD TRADE CENTER PROPERTIES, LLC<br>☐ WSP CANTOR SEINUK<br>☐ YANNUZZI & SONS INC<br>☐ YONKERS CONTRACTING COMPANY, INC.<br>☐ YORK HUNTER CONSTRUCTION, LLC |

☐ Non-WTC Site Building Owner
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____
☐ Non-WTC Site Lessee
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____

☐ Non-WTC Site Building Managing Agent
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____

## II. JURISDICTION

8. The Court's jurisdiction over the subject matter of this action is:

X Founded upon Federal Question Jurisdiction; specifically; X; Air Transport Safety & System Stabilization Act of 2001.

## III CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | | |
|---|---|---|---|
| X | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | X | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| X | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | | X Air Quality;<br>X Effectiveness of Mask Provided;<br>X Effectiveness of Other Safety Equipment Provided |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| X | Pursuant to New York General Municipal Law §205-a | | (specify: _____ );<br>☐ Other(specify): |
|---|---|---|---|
| ☐ | Pursuant to New York General Municipal Law §205-e | ☐ | Wrongful Death |
| | | X | Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | | ☐ | Other: _____ |

## IV  CAUSATION, INJURY AND DAMAGE

9.  As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

*Please read this document carefully. It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| ☐ | Cancer Injury:<br>Date of onset:<br>Date physician first connected this injury to WTC work: | ☐ | Cardiovascular Injury:<br>Date of onset:<br>Date physician first connected this injury to WTC work: |
| **X** | **Respiratory Injury:** pulmonary nodules; airway inflammation; bronchial wall thickening; sinusitis; and other injuries, the full extent of which is not yet known.<br>**Date of onset:** In March of 2007, Plaintiff visited the Bureau of Health Services at the Fire Department of the City of New York for a medical checkup on a shoulder injury, unrelated to the claims at issue in this action. Plaintiff had been placed on light duty for the shoulder injury. In March of 2007, Fire Department doctors determined that Plaintiff was exhibiting pulmonary congestion, and referred him for a CT scan of his chest. On May 18, 2007, Plaintiff underwent a CT scan. Katherine Parker, M.D. and Ioannis Vlahos, M.D., the doctors administering the CT scan, found "mild diffuse bronchial wall thickening," and "evidence of airway inflammation without significant air trapping. Small indeterminate nodules for which CT follow up is recommended as clinically indicated to assess for any interval change." They recommended that Plaintiff "repeat CT study in 6 months...."<br>Shortly thereafter, Dr. Michael Weiden diagnosed Plaintiff with sinusitis. Plaintiff was unaware of the severity of his symptoms until well after their onset, and only upon learning of the diagnoses.<br>To date Plaintiff's doctors have diagnosed Plaintiff with pulmonary nodules; airway inflammation; bronchial wall thickening; sinusitis; and other injuries, the full extent of which is not yet known.<br>**Date physician first connected this injury to WTC work:** May 2007 | ☐ | Fear of Cancer<br>Date of onset:<br>Date physician first connected this injury to WTC work: |
| ☐ | Digestive Injury: | ☐ | Other Injury: |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | Date of onset:<br>Date physician first connected this injury to WTC work: | | Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
|---|---|---|---|

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

10. As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

| | | | |
|---|---|---|---|
| **X** | Pain and suffering | **X** | Expenses for medical care, treatment, and rehabilitation |
| **X** | Loss of the enjoyment of life | **X** | Other:<br>**X** Mental anguish<br>**X** Disability<br>☐ Medical monitoring<br>☐ Other: _____ |
| **X** | Loss of earnings and/or impairment of earning capacity | | |
| **X** | Loss of retirement benefits/diminution of retirement benefits | | |

11. As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiffs demand that all issues of fact in this case be tried before a properly empanelled jury.**

Dated: New York, New York
~~May~~ June 24, 2008

Yours, etc.

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO P.C.
Attorneys for Plaintiff

BY: _____
Andrew J. Carboy (AC 2147)
120 Broadway - 18th Floor
New York, New York 10271
Tel: (212) 732-9000

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

Index No. 08-CV-5735     Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER SITE LITIGATION

STEVEN CARLINO and THERESA CARLINO,

Plaintiff(s),

-against-

THE CITY OF NEW YORK and
AMEC CONSTRUCTION MANAGEMENT INC., et al.

Defendant(s).

## SUMMONS AND COMPLAINT
## WITH JURY TRIAL DEMANDED

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
*Attorneys for*

120 BROADWAY
NEW YORK, NEW YORK 10271
(212) 732-9000

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: ..................    Signature ..................

Print Signer's Name..................

Service of a copy of the within

Dated:                                      is hereby admitted.

Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.
                    , one of the judges of the within-named Court,
at
on                    20        , at              M.

Dated:

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
*Attorneys for*

To:

120 BROADWAY
NEW YORK, NEW YORK 10271